RECEIVED
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA
OCT 16 2006

**FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

JOHNNY LEE NAPIER,
    *Defendant-Appellant.*

No. 05-30348

D.C. No.
CR-04-00033-JMF

OPINION

Appeal from the United States District Court
for the District of Alaska
James M. Fitzgerald, District Judge, Presiding

Argued and Submitted
April 7, 2006—Seattle, Washington

Filed September 19, 2006

Before: William C. Canby, Jr., Ronald M. Gould, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Canby

**SUMMARY**

**Criminal Law and Procedure/Sentencing**

The court of appeals vacated a judgment of the district court and remanded. The court held that a district court erred when it included in the written judgment nonstandard conditions of supervised release without first announcing those conditions as part of the defendant's oral sentence.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO
© 2006 Thomson/West.

The summary, which does not constitute a part of the opinion of the court, is copyrighted by THOMSON/WEST.

11586                      UNITED STATES v. NAPIER

Appellant Johnny Napier was charged in district court in Alaska with three counts of fraudulently obtaining, converting, and misapplying federal funds. Napier agreed to plead guilty to count three, and the government dismissed counts one and two. The district court sentenced Napier to nine months in prison and three years of supervised release. At Napier's sentencing hearing, the court explained the terms of Napier's supervised release, and noted that Napier's written judgment would include conditions of supervised release not specified in the oral sentence. After the sentencing hearing, the court imposed several nonstandard conditions of supervised release in its written judgment. The court required Napier to participate in a drug treatment program, although there was no evidence that Napier had a propensity for substance abuse. The court also required Napier to undergo a mental health evaluation because of his history of domestic violence. Relying on the facts of loss relating to all three counts, the court ordered Napier to pay $104,000 in restitution.

Napier appealed his sentence, challenging the nonstandard conditions requiring him to participate in a drug treatment program and to undergo a mental health evaluation, and the restitution order to the extent that the court relied on the dismissed counts to calculate the amount owed.

[1] Napier had a right under the Sixth Amendment and the Federal Rules of Criminal Procedure to be present at his sentencing. The actual imposition of a sentence occurs at the oral sentencing, not when the written judgment later issues. When an oral sentence is unambiguous, it controls over a written sentence that differs from it. [2] The district court left Napier's oral sentence ambiguous because it indicated that the written judgment would include conditions of supervised release not specified in the oral sentence. [3] The nonstandard conditions included in the written judgment went far beyond what might reasonably be regarded as a clarification; they added substantive conditions to Napier's sentence that neither

                           UNITED STATES v. NAPIER                      11587

Napier nor his counsel could have anticipated from the court's statements at the sentencing hearing. [4] Napier's counsel did not waive this issue by failing to object at the sentencing hearing to the court's ambiguous pronouncement. When the district court declined to set forth all the conditions of supervised release, defense counsel had no reason to expect that the court was withholding anything but the standard conditions of supervised release. [5] The fact that the court of appeals struck down the nonstandard conditions imposed in the written judgment did not make the oral sentence complete and unambiguous. Accordingly, Napier's sentence had to be vacated and the case had to be remanded for resentencing.

[6] The district court may impose nonstandard conditions only if certain criteria are satisfied. [7] The drug treatment requirement was not reasonably related to the nature and circumstances of the offense and the history and characteristics of Napier. There was no evidence that Napier had a propensity for substance abuse. [8] The district court's decision to include a drug-treatment condition as part of Napier's supervised release was clearly against the logic and effect of the facts and thus was an abuse of discretion. [9] However, the district court did not abuse its discretion in imposing the mental-health condition. Because of Napier's history of violence towards women, the court had reason to believe Napier would benefit from a mental health evaluation and possible treatment.

[10] The court of appeals declined to consider Napier's restitution argument because Napier failed to raise it in the district court. Napier's argument depended on factual questions that were not resolved below, and the consideration of these issues by the court of appeals would prejudice the government.

COUNSEL

Mary C. Geddes, Assistant Federal Public Defender, Anchorage, Alaska, for the defendant-appellant.

Stephen Cooper, Assistant United States Attorney, Fairbanks, Alaska, for the plaintiff-appellee.

OPINION

CANBY, Circuit Judge:

Johnny Napier pleaded guilty to one count of fraudulently obtaining, converting, and misapplying federal grant funds. Two other, similar counts were dismissed. After the sentencing hearing, the district court imposed several nonstandard conditions of supervised release in its written judgment. Napier contends that the district court acted unlawfully by making these late additions to his sentence and that, in any event, two of the conditions are unwarranted. Napier also argues that the district court lacked authority to order restitution based on the two dismissed counts.

[1] We conclude that the district court erred in imposing the nonstandard conditions of supervised release after the oral sentencing, and that it abused its discretion in imposing the condition requiring drug treatment. We also conclude that, for the purposes of this appeal, Napier waived his argument regarding restitution by failing to raise it in the district court.

Background

Napier was the executive director of two nonprofit organizations that received federal grants. His activities in connection with these grants led to an indictment charging him with three counts of fraudulently obtaining, converting, and misapplying federal funds in violation of 18 U.S.C. § 666(a)(1)(A). Napier agreed to plead guilty to count three. In turn, the government dismissed counts one and two. The district court sentenced him to nine months in prison and three years of supervised release. Relying on the facts of loss relating to all

three counts, the district court ordered Napier to pay $104,000 in restitution.

At the sentencing hearing, the district court explained the terms of Napier's supervised release:

I'm going to impose a term of three years supervised release upon your release from incarceration. . . . The terms and conditions of final release will be provided in a final judgment in this case, and they may be modified from time to time while you are under supervised release . . . . Now, I'm not going to set forth all the terms and conditions. Those terms and conditions will be set forth in the final judgment.

. . .

The court then advised Napier of several conditions of supervised release applicable to him, including the "mandatory" conditions required by 18 U.S.C. § 3583(d). The district court also summarized the effect of some of the "standard" conditions of supervised release that are recommended by USSG § 5D1.3(c) for imposition in every case.

After the hearing, the court issued a written judgment that included not only the standard conditions, but also six non-standard conditions of supervised release. Napier challenges the nonstandard conditions requiring him to participate in a drug treatment program and to undergo a mental health evaluation. Napier also challenges the restitution order to the extent that the court relied on the dismissed counts one and two to calculate the amount owed.

We have jurisdiction under 18 U.S.C. § 3742. We review *de novo* the legality of Napier's sentence. *United States v. Cade*, 236 F.3d 463, 465 (9th Cir. 2000).

## Discussion

### 1. The Nonstandard Conditions of Supervised Release

We conclude that the district court erred when it included in the written judgment nonstandard conditions of supervised release without first announcing those conditions as part of Napier's oral sentence. Napier has a right under the Sixth Amendment and the Federal Rules of Criminal Procedure to be present at his sentencing. *United States v. Aguirre*, 214 F.3d 1122, 1125 (9th Cir. 2000); Fed. R. Crim. P. 43(a)(3). The actual imposition of a sentence occurs at the oral sentencing, not when the written judgment later issues. *Aguirre*, 214 F.3d at 1125. Thus, it has long been the rule that, when an oral sentence is unambiguous, it controls over a written sentence that differs from it. *See United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974) (per curiam).

This rule encounters some strain when it is applied to conditions of supervised release. Numbers of these conditions are mandatory under 18 U.S.C. § 3583(d), or recommended by the Guidelines as standard, boilerplate conditions of supervised release, *see* USSG § 5D1.3(c), and they are sufficiently detailed that many courts find it unnecessarily burdensome to recite them in full as part of the oral sentence. For that reason, imposition of these mandatory and standard conditions is deemed to be implicit in an oral sentence imposing supervised release. *See United States v. Truscello*, 168 F.3d 61, 62 (2d Cir. 1999). When those standard conditions are later set forth in a written judgment, the defendant has no reason to complain that he was not present at this part of his sentencing because his oral sentence necessarily included the standard conditions.

[2] It is nevertheless the better practice to advise the defendant orally, at least in summary fashion, of the standard conditions. Here, the district court at the sentencing hearing commendably warned Napier that there would be conditions

to his supervised release, and it summarized some of the standard conditions. The court left Napier's oral sentence ambiguous, however, because it indicated that the written judgment would include conditions of supervised release not specified in the oral sentence. The standard conditions in the written judgment present no problem for reasons just explained. But in the later written judgment, the district court also added conditions that were based on the particular circumstances of Napier's case. *See* USSG § 5D1.3(d). Since these conditions were neither mandatory nor standard, they cannot be deemed to have been implicit in the oral imposition of supervised release. By adding these nonstandard conditions of supervised release to Napier's sentence after the hearing, the district court denied Napier the right to be present for the imposition of this part of his sentence.

[3] We are not presented with a situation where the later written sentence merely clarifies an ambiguity in the oral pronouncement and thus controls. *See United States v. Garcia*, 37 F.3d 1359, 1368 (9th Cir. 1994). It is true that the oral sentence was ambiguous as to the nature of the conditions that would appear in the later written judgment. But the nonstandard conditions included in the written judgment went far beyond what may reasonably regarded as a "clarification"; they added substantive conditions to Napier's sentence that neither Napier nor his counsel could have anticipated from the court's statements at the sentencing hearing. *Cf. Truscello*, 168 F.3d at 63 (finding no error in the subsequent written judgment because it did not change the sentence as stated orally).

[4] Napier's counsel's did not waive this issue by failing to object at the sentencing hearing to the court's ambiguous pronouncement. When the district court declined to set forth all the conditions of supervised release, defense counsel had no reason to expect that the court was withholding anything but the standard conditions of supervised release. Moreover, toward the end of the hearing, the government requested that

the district court make the findings necessary to trigger a mandatory urine testing condition. The court responded that it would impose that condition. Counsel could have inferred from this exchange that the court would specify any nonstandard conditions that were to apply. Counsel had no reason to object or ask for a continuance.

2. **The Remedy**

[5] We conclude that the appropriate remedy in this case is to vacate Napier's sentence and remand for resentencing. If the oral sentence was unambiguous and the written judgment directly conflicted with it, then the oral sentence would control, and we would not need to vacate it. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993). But there is no conflict here because the district court stated that the written judgment would contain other conditions. *Cf. Truscello*, 168 F.3d at 63 (finding no conflict between an oral sentence in which the court stated that it would later impose supervised-release conditions and the written judgment that contained standard conditions). Although the most reasonable interpretation of the court's pronouncement was that only standard conditions would follow, the pronouncement was sufficiently ambiguous that we cannot say the inclusion of nonstandard conditions in the written judgment created a direct conflict. This is not a situation like that in *United States v. Martinez*, 250 F.3d 941, 941-42 (5th Cir. 2001) (per curiam), in which the oral sentence made no mention of any conditions of supervised release and the written judgment included nonstandard conditions. There the Fifth Circuit remanded with instructions to strike the challenged conditions, leaving the oral sentence intact. *Id.* at 42. Here, however, we do not have a complete and unambiguous sentence to leave intact; we have an oral sentence stating that unspecified conditions of supervised release would be imposed in the written judgment. The fact that we have now struck down the nonstandard conditions imposed in the written judgment does not make the oral sen-

tence complete and unambiguous. We accordingly vacate the sentence and remand for resentencing.

3. **The Merits of the Nonstandard Conditions**

a. **The drug-treatment condition**

[6] Because we are remanding for a resentencing in which the issues will arise again, we review for abuse of discretion the district court's imposition of the drug-treatment and the mental-health conditions. *See United States v. Bahe*, 201 F.3d 1124, 1127 (9th Cir. 2000). The drug-treatment condition required Napier "to participate in either inpatient or outpatient treatment programs . . . for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol." The district court may impose nonstandard conditions only if certain criteria are satisfied. *See* 18 U.S.C. § 3583(d). The court abused its discretion by imposing the drug-treatment condition because it does not satisfy the statutory criteria. *Id.*

[7] The requirement to undergo drug treatment is not reasonably related to the "nature and circumstances of the offense and the history and characteristics of [Napier]." 18 U.S.C. § 3553(a)(1). Napier was convicted of defrauding the federal government, and there is no evidence of drug abuse bearing any relation to the fraud. Similarly, drug treatment is not needed to deter Napier from engaging in criminal conduct, to protect the public from his future crimes, or to provide him with "needed . . . correctional treatment" because there is no evidence that Napier has a propensity for substance abuse. *Id.* § 3553(a)(2)(B)-(D). For the past ten years, Napier has abstained from drinking alcohol and, prior to that, he was a social drinker. Other than smoking marijuana once as a teenager, Napier contends he has never used — let alone abused — illegal drugs.

The only evidence on which the district court could have based the drug treatment condition are an equivocal statement

11594                    UNITED STATES v. NAPIER

by Napier's coworker and Napier's prior convictions. The coworker believed Napier was abusing "some type of substance", "at one time" because Napier did not act like himself at work and was staying out late. But the coworker did not specify when the supposed symptoms of abuse occurred or for how long. There are a myriad of innocent explanations for the alleged behavior, and drug use is not a plausible one absent other evidence of a drug problem. Nor do Napier's almost 20-year-old convictions for selling cocaine indicate a present propensity for drug abuse. Napier claims he bought the cocaine and sold some to support his wife's habit and that he never used it. There is no evidence to the contrary.

Finally, the drug-treatment condition is inconsistent with the Sentencing Commission's policies. *See* 18 U.S.C. § 3583(d)(3). The Sentencing Guidelines recommend the imposition of the drug treatment condition "[i]f the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances, or alcohol." USSG § 5D1.3(d)(4). Again, the record provides no reason to believe that Napier abuses drugs or alcohol.

[8] In short, the court's decision to include a drug-treatment condition as part of Napier's supervised release is "clearly against the logic and effect of the facts" and thus is an abuse of discretion. *Rabkin v. Or. Health Sci. Univ.*, 350 F.3d 967, 977 (9th Cir. 2003). On remand, the district court may not reimpose this condition.

   b.  **The mental-health condition**

[9] As a condition of his supervised release, the district court also required Napier to "participate in and fully comply with a mental health evaluation (specifying gambling or anger management issues), and if deemed advisable, to participate in either or both inpatient or outpatient mental health treatment programs." The district court did not abuse its discretion in imposing the mental-health condition. Because of Napier's

                    UNITED STATES v. NAPIER                    11595

history of violence towards women, the court had reason to believe Napier would benefit from a mental health evaluation and possible treatment. *See* 18 U.S.C. §§ 3553(a)(2); 3583(d). Napier was convicted of misdemeanor domestic assault on three occasions over nearly 15 years. In each incident, he hit and choked the victim. Mental health treatment may help deter Napier from assaulting women again and protect the public from the various consequences of domestic violence. This condition also provides Napier with "needed . . . correctional treatment." 18 U.S.C. § 3553(a)(2). Finally, it involves no greater deprivation of liberty than is reasonably necessary to achieve these ends. *See id.* § 3583(d). Thus, on remand, the district court is not precluded from reimposing the mental health condition.

   4.  **Restitution**

In the district court, Napier argued that the federal funds in counts one and two should not be counted toward restitution only because he had used the funds for authorized purposes. The government countered that the funds had been misappropriated. The district court held an evidentiary hearing on this factual dispute and resolved the matter against Napier. Napier now argues that the district court lacked statutory authority to include losses from counts one and two in his restitution order because they were not the counts of conviction.

[10] We decline to consider this argument because Napier failed to raise it in the district court. As a general rule parties who did not present an issue to the trial court cannot raise it for the first time on appeal. *United States v. Patrin*, 575 F.2d 708, 712 (9th Cir. 1978). Although we can consider newly-raised issues that are purely legal, *see id.*, Napier's argument depends on factual questions that were not resolved below, and our consideration of these issues would prejudice the government.

Restitution to the "victim of an offense" is mandatory for the offenses in issue here. 18 U.S.C. § 3663A(a)(1) &

(c)(1)(A)(ii). It is also permissive under § 3663(a)(1). The "victim," however, is defined as one harmed by the offense of conviction. *Id.* §§ 3663(a)(2) & 3663A(a)(2). Restitution may go beyond the offense of conviction under certain conditions if the offense of conviction contains an element of a scheme, conspiracy or pattern of criminal activity, *see id.*, but the offense of which Napier was convicted contains no such element. The government accordingly concedes that the losses from counts one and two may be included in the restitution order only if the parties' plea agreement authorized it. *See* 18 U.S.C. § 3663(a)(3) (providing authority to order restitution "to the extent agreed to by the parties in a plea agreement").

The plea agreement in this case was not written. The government contends that the parties orally agreed to include all three counts in calculating the restitution. Napier argues that there was no such term in the plea agreement and contends that the record fails to establish that there was one. We find that the record is inconclusive and we are in no position to resolve this factual issue. *See generally United States v. Flores-Payon*, 942 F.2d 556, 558 (9th Cir. 1991) ("Disputes concerning the existence and terms of a plea agreement generally pose factual questions for resolution in the district court. . . .") (citation omitted). Moreover, if Napier had objected in the district court to inclusion of losses from the dismissed counts in his restitution order, the government would have had an opportunity to present more fully its evidence of the terms of the plea agreement. Thus, the government would be unfairly prejudiced if we resolved this issue on the present record. We therefore decline to do so.

Because we are remanding for resentencing without any limitation with respect to this issue, the district court will be free, in such proceedings as it deems appropriate, to determine the terms of the plea agreement and the proper amount of restitution to be ordered under it.

## Conclusion

We vacate Napier's sentence and remand for resentencing consistent with this opinion.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**