Mary C. Geddes
Assistant Federal Defenders
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>   vs.<br><br>JOHNNY LEE NAPIER,<br><br>                  Defendant. | Case No. 4:04-cr-0033-JWS<br><br>**MOTION FOR RULING THAT PLEA AGREEMENT ONLY AUTHORIZED RESTITUTION FOR COUNT OF CONVICTION (Count III)** |

       By way of background, Johnny Lee Napier had appealed, inter alia, the restitution order in his case.  The circuit court vacated his sentence and remanded for further proceedings.  The district court has since notified the parties of a schedule for resentencing.

       The district court may have assumed the necessity of a court hearing on this issue.  However, a hearing is not needed, and the appellate remand does not require it.

       In *United States v. Napier*, 463 F.3d 1040, 1046 (9th Cir. 2006), the court stated, "[b]ecause we are remanding for resentencing without any limitation with respect to this issue, the district court will be free, *in such proceedings as it deems appropriate*, to determine the terms of the plea agreement and the proper amount of restitution to be ordered under it."  (Italics added)

In this motion, Mr. Napier asks this court to decide the terms of Mr. Napier's plea agreement on the basis of the pertinent portion of the trial court record, *i.e.* the Notice at Docket 16, and the Change of Plea Transcript, March 29, 2005. The undersigned suggests that it is economical for the court to make this determination prior to any further investigation as to the factual basis for a restitution order with respect to Counts I and II. .

The specific question to be determined is whether the terms of Mr. Napier's plea included his agreement to make restitution for dismissed Counts I and II.

It is Mr. Napier's position that he did not agree to make restitution as a *quid pro quo* for the government's dismissal. Accordingly, Mr. Napier asks this court for a ruling that his plea agreement only authorized restitution for the count of conviction (Count III).

### The Legal Context

As the appeals court has summarized, restitution to the "victim of an offense" is mandatory when governed by 18 U.S.C. §§ 3663A(a)(1) and (c)(1)(A)(ii). The "victim," however, is defined as one harmed by the offense of conviction. *Id.* § 3663A(a)(2). In this case, losses relating to dismissed counts I and II could have been included in a restitution order only if the parties' plea agreement authorized it. *See* 18 U.S.C. § 3663A(a)(3) (providing authority to order restitution "to the extent agreed to by the parties in a plea agreement").

### Mr. Napier's Plea

The trial court record in this case consists of the following.

Mr. Napier, charged with three counts of fraudulently converting government funds, informed the district court, via a "Notice," that he wished to change his plea. His Notice stated simply and clearly, "[t]here is no written plea agreement in this case. Mr. Napier intends to plead

guilty to Count III of the indictment. The government agrees to dismiss Counts I and II." (Docket 16)

Mr. Napier's change of plea took place on March 29, 2005, a date two months after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (January 12, 2005).

At the time scheduled for a change of plea, Judge Fitzgerald identified the reason for the hearing.

> The defendant is charged in a three-count indictment. The indictment was returned on November 16, 2004. There are three counts in the indictment, all charging a violation of title 18 U.S.C. Section 666(a)(1)(A). And its my understanding, based on a notice that we received that was filed on March 22nd this year, a notice of intent to change plea and plead guilty to Count III of the Indictment, and Count I and II are to be taken up and presumably dismissed at the time of disposition.

(COP Tr. 2)

Count III alleged that, on or about April 21, 2003, Mr. Napier (the executive director of a non-profit organization) had embezzled, obtained by fraud, or knowingly converted to the use of a person other than the rightful owner and intentionally misapplied approximately $50,000 of a federal grant. Judge Fitzgerald engaged Mr. Napier in a lengthy discussion as to his intended plea and the waivers relating to it. (Beginning at Tr. 3)

In response to a question from Judge Fitzgerald, the prosecutor, Stephen Cooper, stated:

> MR. COOPER: I think the court has covered the elements of the offense, Your Honor. And there is one other term that needs to be mentioned, and that is, that even though we are going — in the event of judgment being entered on this Count III, we are going to dismiss

>Counts I and II. The facts underlying Counts I and II are still before the Court for consideration in the sentencing on Count III.
>THE COURT: Do you understand that, sir?
>THE DEFENDANT: Yes, sir.
>THE COURT: Very well. Anything else, Mr. Cooper?
>MR. COOPER: I think the – the Court has covered it all. Thank you.
>THE COURT: Ms. Haden, on behalf of the defendant, anything else that I should advise him of at this time relating to the government's requirement of proof?
>MS. HADEN: No, Your Honor.
>THE COURT: Do you have any questions, Mr. Napier?
>THE DEFENDANT: No, Sir.
>THE COURT: Anything you wish to discuss with your attorney at this time?
>THE DEFENDANT: No, Sir.
>THE COURT: Very well. As I've said, the penalty is a fine and a sentence of not to exceed more than 10 years. That's the maximum penalty that may be imposed. I don't believe there's a mandatory-minimum sentence that's required under the statute.

(Tr. 17-18) Mr. Cooper told the court there was no forfeiture involved. However, he advised, there would be a potential supervised release term of a maximum of three years following any possible imprisonment. (Tr. 18-19)

The Court questioned Mr. Napier as to whether he understood the potential sentence and the nature of supervised release. (Tr. 19-20) Mr. Napier indicated he understood and had no questions. (Tr. 20-21)

Mr. Cooper and M.J. Haden, Mr. Napier's trial court attorney, told the Court that they had nothing to add. (Tr. 21)

The Court, Ms. Haden, Mr. Napier, and Mr. Cooper then engaged in a dialogue concerning the factual basis for Mr. Napier's plea to Count III. (Tr. 22-25)

Mr. Napier seemed to be saying that, while he had not realized any personal benefit, he had spent some of the $50,000 cited in Count III for organizational purposes other than those permitted by the terms of his grant. (Tr. 24) The grant had been given to the organization for the purposes of training clients in asbestos removal. (Tr. 23)

Ms. Haden informed the court that Mr. Napier's use of the $50,000 grant would be "an issue that we'll be going over in sentencing." (Tr. 23)

The Court decided to accept the admissions of Mr. Napier and find him guilty on Count III. (Tr. 26)

At no time during this hearing was the word "restitution" used. At no time was Mr. Napier queried about any obligation on his part to make restitution based upon the conduct alleged in Counts I and II.

### The Government's Likely Position at Resentencing

The government argued on appeal that the "charge bargain" portion of the parties' plea agreement was stated in Mr. Napier's Notice, and the additional "term" of the agreement pertaining to restitution for dismissed counts was orally stated by Mr. Cooper at the change of plea proceeding. (COP Tr. 17-18). Without any further elaboration, Mr. Cooper told the judge that "the facts underlying Counts I and II are still before the court for consideration in the sentencing on Count III." .

The government did not rely upon this language alone, however; it 'spinned' Mr. Cooper's statement. According to the government's appellate brief, what Mr. Cooper really <u>meant</u> was that

> the facts underlying counts I and II were to be considered by the court at sentencing <u>both generally and also for determining the amount of the loss and the resulting effect of that loss on both the guideline offense level and the amount of the restitution to be ordered.</u>

Ae. Br. at 10. (Emphasis added)

There Was No <i>Quid Pro Quo</i>

The statute indicates that the court shall only order restitution to persons other than the victim of the offense "if agreed to by the parties in a plea agreement." 18 U.S.C. § 3663A(a)(3).

While the government insists that there was a plea agreement which allowed for the imposition of restitution under § 3663A(a)(3), the government cannot point to anything in the Notice or change of plea proceeding other than Mr. Cooper's own unelaborated statement. There was nothing in writing which memorialized a *quid pro quo* with respect to restitution. Indeed, there was no mention of restitution at any point in the change of plea proceeding. Most importantly there was no acknowledgment by Mr. Napier that he was waiving his rights and agreeing to be responsible for restitution for the dismissed counts..

As for the plea agreement language invoked by the government to show Mr. Napier's agreement to pay restitution for dismissed counts (COP Tr. 17-18, Ae. Br. at 10), Mr. Cooper's statement ("the facts underlying Counts I and II are still before the Court for consideration in the sentencing on Count III") did not reach or specify such an obligation.

Notably, this change of plea proceeding – and sentencing – took place in a post-*Booker* context in which a trial court's consideration of facts beyond those admitted by the defendant at sentencing will not violate Sixth Amendment right to jury trial as long as they are not made in a mandatory guidelines system. *See United States v. Booker*, 543 U.S. 220, 257-58, 125 S.Ct. 738,

763-64, 160 L.Ed.2d 621 (January 12, 2005). In this legal context, Mr. Cooper's statement merits its plain meaning, but nothing more.

This case is controlled by *United States v. Baker*, 25 F.3d 1452, 1456 (9th Cir. 1994) (superseded by statute on other grounds as stated in *United States v. Lawrence*, 189 F.3d 838, 846 (9th Cir. 1999)). Baker and his codefendant Majors had entered into plea agreements. They each pleaded guilty to one count of being an accessory after the fact to the making of a false statement on a loan application. Baker agreed to plead guilty to Count Two (amended to charge the lesser offense). The government promised to recommend – in lieu of a prison sentence – probation, $20,000 in restitution, and a fine. Majors agreed to plead guilty to Count Five (also amended to charge the lesser offense). The government made the same promises to Majors as it had to Baker. The agreements were executed in open court, and the court then dismissed the other pending charges on the government's oral motion. At sentencing, the government recommended that each defendant be ordered to pay $20,000 restitution. On appeal, in vacating Baker's restitution order, the court found that the plea agreement did not specifically state that the defendant agreed that the court could impose restitution beyond the losses caused by the offense conduct. *Id.* at 1458. Therefore, Baker had not agreed to pay "heightened restitution" as consideration for the government's dropping of the other counts.

This court may also be informed by the circuit court's later decision in *United States v. Phillips*, 174 F.3d 1074 (9th Cir. 1999). The original indictment charged Douglas Phillips with various securities and tax fraud violations. Phillips pled guilty to one count of subscribing to a false income tax return and one count of assisting in the preparation of a false income tax return. The plea agreement in *Phillips* contained the following language.

> By signing this agreement, you also agree that the Court can order you to pay restitution for the full loss caused by your activities. You agree that the restitution order is not restricted to the amounts alleged in the counts to which you are pleading guilty.

174 F.3d at 1076.  The district court entered an order for Phillips to pay $831,400 in restitution, which included restitution for securities fraud, even though the securities frauds were only tangentially-related to the tax fraud schemes to which he plead.  The circuit court vacated the restitution order because Phillips' plea agreement did not reflect his specific agreement to pay restitution for securities fraud counts in exchange for the government's promise to drop those charges.

The reason for the appellate court's decision to vacate the *Phillips* restitution order was the following:

> Plea agreements are governed by contract principles.  *United States v. Grace*, 997 F.2d 1293, 1294 (9th Cir. 1993).  Thus, in interpreting plea agreements, "the government is to be held to the literal terms of the agreement . . . and ordinarily must bear responsibility for any lack of clarity."  *United States v. Anderson*, 970 F.2d 602, 607 (9th Cir. 1992), as amended, 990 F.2d 1163 (1993) (citations omitted).

*Id.*

## Conclusion

Based upon existing trial court records, this court can determine that the government's decision to dismiss two counts of the indictment was not unambiguously premised upon Mr. Napier's agreement to make restitution for conduct alleged in the dismissed counts.  The *quid pro quo* was Mr. Napier's guilty plea for Count III in exchange for the expected dismissal of Counts I and II at sentencing.

In criminal cases, the government is ordinarily responsible for drafting plea agreements. In this case, the government filed no plea agreement or any other document, but instead chose to rely upon a written "Notice" by the defendant, stating only the 'charge- bargain' referenced above. The local rule in effect at the time specified that plea agreements in a felony cases be reduced to writing, signed by the United States Attorney, the defendant, his attorney and filed in court in advance of a hearing. Local Rule 11.2(a). The routine practice in this district is that such plea agreements are prepared by the United States Attorney.

Failing to adhere to either the Local Rule or the prevailing practice, the government cannot now complain that the writing prepared by the defendant was lacking nor that the prosecutor's statement had a much more complex meaning than is obvious. The court may enforce only the literal terms of an agreement and the government in this case certainly does bear the responsibility for the lack of any clarity on the part of its representative. The government should not be entitled to seek a restitution order on remand.

DATED this 14th day of November 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Alaska Bar No. 8511157
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
Mary_geddes@fd.org

<u>Certification</u>:
I certify that on November 14, 2006,
a copy of the foregoing document,
with attachments, was served electronically
on:

Stephen Cooper, Esq.


/s/ Mary C. Geddes