NELSON P. COHEN
United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: Stephen.Cooper@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>JOHNNY LEE NAPIER,<br><br>            Defendant. | Case No.  4:04-cr-033-JWS<br><br>**OPPOSITION TO MOTION FOR RULING THAT PLEA AGREEMENT AUTHORIZED RESTITUTION ONLY ON COUNT 3** |

Plaintiff, the United States of America, opposes defendant's motion that this Court should find that the plea agreement authorized restitution limited to Count 3, the count of conviction.

Plaintiff does not agree with defendant's suggestion, Motion at 1, that this

Court may have misunderstood the Ninth Circuit's decision regarding this issue, stated as follows in the last paragraph before the Conclusion in that Court's opinion, 463 F.3d 1040, 1046 (9th Cir. 2006):

> Because we are remanding for resentencing without any limitation with respect to this issue, the district court will be free, in such proceedings as it deems appropriate, to determine the terms of the plea agreement and the proper amount of restitution to be ordered under it.

This clearly states the Court's options.  The Circuit found:

(a) that there was an unwritten plea agreement;

(b) that this Court should determine what the terms of the agreement in fact were, by whatever proceedings this Court deems appropriate; and

(c) that such determination will control the proper amount of restitution to be ordered.

1. <u>The Dispositive Issue is What the Parties Reasonably Understood to be the Terms of the Agreement Relating to Restitution.</u>

> The dispositive question . . . is what the parties to this plea bargain reasonably understood to be the terms of the agreement.

United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir. 1979), quoted in United States v. Anderson, 970 F.2d 602, 607 (9th Cir. 1992).

> Plea bargaining is subject to contract-law standards:
>
> Therefore, the terms of the agreement, if disputed, are to be determined by objective standards.

Arnett at 1164 , quoted in United States v. Gerace, 997 F.2d 1293, 1294 (9th Cir. 1993).

In short, because 18 U.S.C. § 3663(a)(3) authorizes restitution to the extent agreed to by the parties in a plea agreement, this Court should determine objectively what the parties reasonably understood to be the terms of the plea bargain as it related to restitution. This is not necessarily restricted to a review of the record, but it may be based entirely on the existing record if the Court believes the record as a whole adequately reflects what the parties reasonably understood about restitution.

Certainly the determination is not restricted to a partial or selective review of the record as defendant has conducted in his instant motion. Rather, it should include the whole record and the totality of the circumstances that bear on the stated issue, i.e., what the parties reasonably understood to be the terms relating to restitution. The issue is not, as defendant states, Motion at 2, whether defendant

agreed to make restitution on counts one and two, but whether the parties in fact agreed that consideration of the facts underlying counts one and two was for all purposes including determination of the extent of restitution. The record in its entirety, fairly considered, decisively answers that question in the affirmative.

The Circuit found the record inconclusive, but its threshold finding of a lack of plain error precluded review of that issue in any event because defendant never raised his present contention in the district court, and because disputes regarding terms of a plea agreement "generally pose factual questions for resolution in the district court." United States v. Flores-Payon, 942 F.2d 556, 558, (9th Cir. 1991). As the Ninth Circuit observed, its remand is "without any limitation with respect to this [restitution] issue." This Court is "free" to conduct "such proceedings as it deems appropriate" and is therefore not precluded from either relying on the record or holding a fact hearing.

Reliance on the record has much to commend it. A fact hearing could be expected to produce new testimony as to what the parties now contend was agreed regarding the scope of restitution, but it would leave unanswered the dispositive issue to be resolved by the Court, i.e., what the parties reasonably understood at the time of sentencing about the terms of the agreement. The record of the parties' acts

and contentions in all the previous proceedings in this Court provides the clearest objective evidence of what the parties reasonably understood and agreed, i.e., that restitution as well as loss amount, offense level, and any other factors leading to an appropriate sentence, were included in the purposes for which "the facts underlying counts one and two are still before the court for consideration in the sentencing on count three." Tr. COP, 3/29/05, at 17-18.

2. <u>The Record Shows the Parties Reasonably Understood that Facts Underlying Counts One and Two Were to be Considered at Sentencing Without Limitation as to Purpose, i.e., For All Usual Purposes Relevant to Sentencing, Including Loss Amount, Offense Level, and Restitution Amount, Among Other Purposes.</u>

The Ninth Circuit's introductory remark on the restitution issue cites a striking piece of evidence revealing defendant's understanding regarding restitution, which is entirely overlooked by defendant's motion:

> In the district court, Napier argued that the federal funds in counts one and two should not be counted toward restitution *only* because he had used the funds for authorized purposes. . . . Napier now argues that the district court lacked statutory authority to include

> losses from counts one and two in his restitution order because they were not in the count of conviction.

463 F.3d at 1045(emphasis added.) This does not simply afford an inference arising from failure to mention the jurisdiction issue, as if it were an additional available issue that could also have been raised if anyone had thought of it. The two positions are mutually exclusive. To argue that on the facts restitution is not owing under counts one and two solely because the money was properly spent, as defendant's first counsel did, affirmatively cuts against any claim that this Court lacked jurisdiction to consider that very issue.

Indeed, both parties at the original sentencing made it clear beyond any possibility of mistake that in addition to restitution on count three, their agreement contemplated restitution on the first two counts to the extent found to be factually supported. Defendant's sole contention at all stages regarding restitution on counts one and two, to the exclusion of any jurisdictional claim, was only that it was not factually supported. His present counsel asserts solely the contrary and inconsistent claim of lack of jurisdiction, but offers no dispute (and offered none on appeal) that on the facts, restitution is warranted on the facts underlying counts one and two.

Specifically, the record shows the following regarding the existence and scope

of the agreement, and both parties' reliance on the above-stated terms:

- Napier's Notice of Intent to Change Plea, 3/22/05, doc. #16, shows that the parties had an unwritten plea agreement.

- The Transcript of the Change of Plea, 3/29/05, doc. #49, at 17-18, shows that the plea agreement included the terms that upon entry of judgment on count three, counts one and two were to be dismissed, and that "the facts underlying counts one and two are still before the court for consideration in the sentencing on count three."

- The draft Presentence Report (PSR), May 16, 2005, at ¶ 46, identified the losses from defendant's misapplication of funds, amounting to $29,041.50 between May 1999 and March 2000 on the first grant (count one), $25,400 between April and November 2001 on the second grant (count two), and the entire $50,000 between June 2002 and April 2003 on the third grant (count three), for a total of $104,441.50 for all three counts.  The draft PSR also assigned that total figure as the restitution owed by defendant to the victim EPA. Id. ¶ 128, and ¶ 47.  Defendant submitted objections to the PSR, which were discussed in the undated Addendum to the PSR issued sometime between May 16 and the issuance of the final Revised PSR on June 8, 2005.  The Addendum, at 4, quotes defendant's objection to ¶ 128:

> "Napier submits that the restitution should be offset by the value of the services performed by he [sic] and his wife regarding the implementation and management of the 1999 and 2001 grants [counts one and two]".

In response, the Addendum noted that the PSR had already considered the value of the asbestos training defendant had provided under the first two grants and that the only money determined to be the actual loss was

> $54,441.50 out of the first two grants [counts one and two], and the full $50,000 from the final grant [count three], all of which was determined to be diverted for the defendant's personal use and the use of J&L Construction.

Thus defendant's sole objection to this part of the restitution computation was to dispute whether the facts supported the restitution figure of $54,441.50 under the first two grants. He did not assert any objection to the PSR on the ground now asserted, that inclusion of such amount as restitution was foreclosed by lack of jurisdiction.

- Both parties made strictly factual arguments regarding restitution under the two dismissed counts. Defendant's Sentencing Memorandum, at 2, 6/20/05, doc. #25, states:

> Mr. Napier contends that the funds in Count I and Count II, which are now included as relevant conduct, were used for the intended purpose and should therefore not be contained in the loss amount or the restitution amount.

- At the sentencing hearing, Napier disputed restitution on the first two grants exclusively as he had done in addressing the PSR. He objected solely on factual grounds regarding his use of the grant funds, claiming he had used them for the intended purpose and that for this reason alone there should be no restitution under the first two counts. Partial Transcript of Proceedings, IOS, held 6/24/05, at 70 (filed July 26, 2005, doc. #41).

- The United States advocated assessing restitution under the first two grants, counts one and two, both in its Sentencing Statement, 6/17/05, doc. #24, where it adopted the position of the PSR, and at the sentencing where it advocated restitution of $104,000 based on the facts brought out at the sentencing hearing and in the analysis set forth in the PSR. Tr. IOS at 69.

- Thus, because the defense conceded restitution under count three, evidence was taken at sentencing on the facts underlying counts 1 and 2 for purposes which expressly included resolving the restitution amount as well as the offense level. Tr. IOS 5-6, 69, 70.

- This Court had no difficulty, hesitation or misunderstanding in adopting both parties' position, that in taking evidence relating to counts one and two, the amount of restitution as well as the offense level was in issue and was to be determined by the factual findings resulting from that hearing:

  > I find that the government's proof relating to the amount involved is sufficient to establish your guilt and require restitution in the mount of $104,000.

  Tr. IOS 79.

- Further evidence that Napier likewise understood the agreement this way arises from the fact that after entry of judgment, he sought correction of the judgment in the district court on other grounds. But he never asserted a legal defect in the judgment for requiring restitution of losses under the two dismissed counts. Motion to Correct Judgment, 7/14/05, doc. #36; Motion to Reconsider Motion to Correct Judgment, 7/25/05, Doc. #39.

Defendant consistently and repeatedly displayed solely and exactly the same understanding of the agreement displayed by the United States and by the Court: that the facts underlying the first two counts were before the Court for consideration in the sentencing on count three for all usual purposes associated with sentencing, without exception, including setting the restitution amount as well as the offense

level. The case was so presented by both parties. The evidence was taken for these purposes. The case was so argued by the defendant to the probation officer and to the Court.

On the required basis of objective reasonableness, the defense cannot be found to have secretly harbored or actually intended the belated notion now asserted after the fact by defendant's appellate counsel, that what defendant's prior counsel so consistently and exclusively presented to the Court was entirely irrelevant for a reason which defense counsel with equal consistency withheld from the Court, the probation officer and plaintiff's counsel. Such a finding would not comport with the objective standard of reasonableness which must be applied. United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir. 1979); United States v. Anderson, 970 F.2d 602, 607 (9th Cir. 1992); United States v. Gerace, 997 F.2d 1293, 1294 (9th Cir. 1993). If that could have occurred it would indicate that there was never a meeting of the minds, and thus no plea agreement in fact. This is the unavoidable consequence of defendant's interpretation. It would negate the basis for the entire agreed disposition, including the dismissal of counts one and two, as well as the remaining terms of the judgment. But the record contains no factual basis whatever for finding the absence of a meeting of the minds.

It is even less reasonable by objective standards to conclude that the

government and the defendant both agreed to exclude restitution from the purposes for taking evidence on the facts of the first two counts. The evidence is entirely against any such theory. No evidence at all supports it.

Agreements for restitution beyond the count(s) of conviction are recognized and upheld. See United States v. Soderling, 970 F.2d 529 (9th Cir. 1992) (approving restitution, in an amount that was determined by the findings and calculations of the district court rather than by the parties, where defendants had agreed to pay restitution on five additional offenses beyond the two counts of conviction in exchange for non-prosecution of those five additional offenses). This also eliminates defendant's present theory that quid pro quo was lacking. As in Soderling, it consisted of non-prosecution on the other counts.

Also as in Soderling, restitution may be ordered even if the plea agreement is silent as to the amount of restitution as long as the amount is based on actual damages. United States v. Parrott, 992 F.2d 914, 917 (9th Cir. 1993). Here the restitution indisputably rests on actual proven damages in the form of defendant's misapplication of the grant funds under the three successive grants involved in the three counts.

This is not a case of lack of such an agreement, or uncertainty about its terms, as was the case in United States v. Phillips, 174 F.3d 1074, 1077 (9th Cir. 1999).

There, the defendant pled guilty to two of several tax fraud counts, and agreed in a written agreement that restitution was not limited to the counts of conviction but would cover the full loss arising from his activities. Among the dismissed counts, however, were not only additional tax fraud counts but also securities fraud counts which were only "tangentially related" to the tax fraud counts. The court found that because the connection was only tangential, it was reasonable to understand the agreement to mean the securities fraud counts were not intended to be the subject of the restitution order, and that the restitution agreement reached only the total tax fraud activities since they were broader in scope than the losses arising only from the two tax fraud counts of conviction. The court held this to be an ambiguity in the agreement, that led to two different interpretations, therefore precluding restitution beyond the tax fraud counts.

Here, however, no such ambiguity exists. All three counts were closely related and involved the same exact offense, a violation of 18 U.S.C. § 666, federal program fraud. They arose from successive EPA grants to defendant, and the only losses were those arising from defendant's misapplication of the funds under each successive grant. None of these counts could be considered tangential to the rest, and there was therefore no ambiguity as in Phillips.

The parties' evidence and arguments were focused on the EPA grants, and only

on them. Evidence of the restitution element of the agreement lies in both parties' performance of the terms of the agreement, and in their contentions before, during and after the sentencing hearing, as well as the plain meaning and fair interpretation of the parties' statements on the record about the terms of the agreement.

Plaintiff's notice of intent to change plea, on which defendant now relies, sets forth only the charge bargain, which was openly shown not to be the entire agreement. When plaintiff recited the additional term including consideration of the facts underlying the first two counts, the Court asked the defendant if he understood that, and he replied, "Yes, sir." Tr. COP at 18, 3/29/05, doc. #49.

The meaning of that term is reasonably found in the fact that evidence admissible at sentencing is normally considered for multiple purposes. Besides loss computation, offense level and restitution amount, the general purpose of determining an appropriate sentence may be served by considering any and all evidence of the defendant's background, character and conduct, without any limitation. 18 U.S.C. § 3661.

The most reasonable interpretation of the parties' term here, therefore, is that the evidence is to be considered for all usual purposes, without trying to enumerate them all. If restitution was excluded because it was not mentioned, so was offense level excluded, and likewise every other purpose for considering the evidence,

because no purpose was expressly stated.  Defendant's theory leads to this absurd result.  It would give this term of the agreement no meaning at all.  The only reasonable interpretation is the one the parties and the Court clearly adopted, that the evidence was to be considered for all purposes including restitution.

A fair reading of the stated terms, coupled with the parties' performance of the agreement, demonstrated with sufficient clarity, better than any present testimony would, the existence of the restitution element based on the evidence underlying counts one and two.  This conclusion is plainly evident, not by applying defendant's piecemeal or divide-and-conquer approach, but by considering the totality of the circumstances, on the whole record, as this Court must do.

Defendant argues that the agreement was required by local rules to be in writing.  Plaintiff agrees, especially in hindsight, that a writing could have resolved the present issue more expeditiously, as would also a more complete verbal statement.  But defendant fails to allude to any authority that the lack of a writing is dispositive, or that it alters the objective standard for determining from the available evidence what the parties reasonably understood to be the terms.

Defendant relies on United States v. Baker, 25 F.3d 1452 (9th Cir. 1994), but that case is not comparable, in material respects.  There, the fully integrated written agreement contained no agreement to pay restitution on the dismissed counts, and

further, no such added restitution was linked to the dismissal of other counts. The court expressly found that the government's dismissal of the other count "was *not* part of the written, fully integrated plea agreement." Id. at 1458 (emphasis in original). Nor was there any agreement to consider the evidence under the dismissed count in the sentencing on the remaining count. Here, however, the agreement called for consideration of the evidence underlying the two counts that were to be dismissed, in the sentencing on the remaining count, and this was linked with the government's agreement to dismiss those two counts. Further, the dismissal of those counts here was expressly made a term of the plea agreement. Moreover, Baker dealt with a fully integrated written agreement which excluded the process now before this Court, of determining from the available evidence what the parties reasonably understood to be the agreed terms. Baker does not apply to the present facts.

CONCLUSION

The Ninth Circuit found that the plea agreement exists, and commissioned this Court to determine its terms. The record supplies the best evidence of what the parties reasonably understood the terms to be, on an objective basis. That understanding was clear and unmistakable, that the first two counts were to be dismissed, and in exchange the facts underlying those counts were to be

considered for all usual purposes, including the Court's determination of the restitution amount, in the sentencing of defendant upon his guilty plea to count three. The Court should so find, and on that basis should deny the instant motion.

RESPECTFULLY SUBMITTED this  4th  day of December, 2006, at Fairbanks, Alaska.

NELSON P. COHEN
United States Attorney

/s/ STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: Stephen.Cooper@usdoj.gov
Alaska Bar #1169028

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing
**OPPOSITION TO MOTION FOR RULING THAT PLEA AGREEMENT AUTHORIZED RESTITUTION ONLY ON COUNT 3**
was sent to the following counsel of record on December 4 , 2005,
via court's electronic filing notice:

Mary C. Geddes
Assistant Federal Public Defender
Anchorage, Alaska 99501


  /s/ Stephen Cooper
Office of the United States Attorney