Mary C. Geddes
Assistant Federal Defenders
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JOHNNY LEE NAPIER,<br><br>　　　　　　Defendant. | Case No. 4:04-cr-0033-JWS<br><br>**REPLY TO OPPOSITION TO MOTION FOR RULING THAT PLEA AGREEMENT ONLY AUTHORIZED RESTITUTION FOR COUNT OF CONVICTION (Count III)** |

　　　　At Docket 61, Johnny Napier asked this court to determine whether the terms of his plea included his agreement to make restitution for dismissed Counts I and II.  At Docket 62, page 4, the government acknowledged that this court can decide the question presented on the basis of the district court record.  The parties do disagree about what portions of the record are germane to this determination.

　　　　Additionally, Mr. Napier offers the following comments in response to the government's opposition.

　　　　The analysis of the question must begin with the irrefutable statutory limitation that restitution is precluded absent a specific agreement by the parties in a plea agreement between the

parties. *See* 18 U.S.C. § 3663A(a)(3) (providing authority to order restitution "to the extent agreed to by the parties in a plea agreement").

Below, the written Notice filed by the defendant and the transcribed record of the Change of Plea proceeding before Judge Fitzgerald referenced no agreement, no quid pro quo, regarding restitution. Indeed, there was not a mention of the word "restitution" in the pleading, nor at any time during the plea proceeding.

Nevertheless, the government asks the court to consider that portion of the record as incidental to this dispute. The government would have the court instead focus on the post-plea conduct of defense counsel, and perhaps, from that, infer the reasonableness of the government's position. However, only one thing is evident from such scrutiny, i.e., that while defense counsel did not make an objection on the specific statutory grounds cited above, she did make vehement and consistent objection to an order of restitution for the two counts – arguing that, as no crimes had been committed, no restitution could be lawfully ordered. Her conduct, therefore, evinced only the lack of an agreement that restitution could be ordered.[1]

In criminal cases, the government is ordinarily responsible for drafting plea agreements. In this case, the government filed no plea agreement or any other document, but instead chose to rely upon a written "Notice" by the defendant, stating only the "charge-bargain" referenced above. Where a defendant's liberty is at stake, the government is ordinarily held to the literal terms of the plea agreement it made, *United States v. Packwood*, 848 F.2d 1009, 1012 (9th Cir. 1988).

---

[1] The government cites *United States v. Soderling*, 970 F.2d 529 (9th Cir. 1992), for parallels to this case. It has none, whatsoever. In *Soderling*, the plea agreement to make restitution for uncharged conduct was "fully and openly explor[ed]" in court. The court arrived at a restitution amount by using a formula to which the Soderlings had agreed. In stark contrast to the defendant in this case, the Soderlings did not raise any kind of objection at sentencing to restitution for the uncharged conduct. *Soderling*, 970 F.2d at 531.

"The government gets what it bargains for but nothing more," *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).

DATED this 5th day of December, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Alaska Bar No. 8511157
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
Mary_Geddes@fd.org

Certification:

I certify that on December 5, 2006,
a copy of the foregoing document
was served electronically on:

Stephen Cooper, Esq.

/s/ Mary C. Geddes