UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>           Plaintiff,  )<br>  )<br>    vs.  )<br>  )<br>JOHNNY LEE NAPIER,  )<br>  )<br>           Defendant.  )<br>_____)| 4:04-cr-00033-JWS<br><br>ORDER AND OPINION<br><br>[RE:  Motion at docket 61] |

## I.  MOTION PRESENTED

At docket 61, defendant Johnny Lee Napier moves for a determination that the amount of restitution which the court could lawfully order him to pay is limited to the amount of restitution owed on the count of conviction and should not have included the amount of restitution associated with the charges which were dismissed as part of a plea agreement.  The motion is opposed and has been fully briefed.  Oral argument would not assist the court.

## II.  BACKGROUND

Napier was charged with three counts of fraudulent conversion of federal grant funds in violation of 18 U.S.C. § 666(a)(1)(A).  Each count involved a $50,000 grant of funds that were to have been spent to advance particular interests which were the subject of the grants.  Napier pled guilty to Count 3, and pursuant to an unwritten plea agreement Counts 1 and 2 were dismissed.  Among other things, the judgment obligated Napier to pay restitution to the victim in the amount of $104,441.50.  This was

based on a loss associated with dismissed Counts 1 and 2 in the amount of $54,441.50 and a loss of the full $50,000 grant associated with Count 3.  Napier appealed the sentence imposed by Judge Fitzgerald to whom this case was earlier assigned.  Among the issues considered by the Court of Appeals was whether the trial court should have required Napier to pay restitution relating to the dismissed counts in addition to restitution associated with the count of conviction.  On appeal the United States conceded that restitution relating to the dismissed counts could only have been ordered if Napier had agreed to pay it in the unwritten plea agreement.  The appellate court remanded the restitution issue to this court for a determination "in such proceedings as it deems appropriate, to determine the terms of the plea agreement and the proper amount of restitution to be ordered under it."[1]

This court assumed that an evidentiary hearing would be required to carry out the task assigned by the appellate court, but in their briefing both parties suggest that the court should decide the restitution issue based on the existing record.[2]  After reviewing the record, the court concludes that an evidentiary hearing is unnecessary.

### III.  DISCUSSION

It is undisputed that there was an unwritten plea agreement which was the basis for Napier's guilty plea to Count 3 and the dismissal of Counts 1 and 2.  The question is whether that agreement also included a provision obligating defendant to pay restitution for whatever loss was proved up on all three counts.  In the absence of a written document, the court must determine whether the plea agreement included such a provision from the parties' actions.

What the parties and the court said, or omitted to say, at the plea colloquy and the evidentiary hearing and sentencing proceeding are relied on by both parties to support their divergent positions.  The court has reviewed transcripts of those proceedings.  Viewed in isolation, it is unclear from the transcripts whether the amounts

---

[1] 463 F.3d 1040, 1046 (9th Cir. 2006).

[2] Doc. 61 at p. 1; doc. 62 at pp. 3-4.

purloined in connection with Counts 1 and 2 were to be considered only for purposes of establishing an offense level under the Guidelines,[3] or were to be considered both for that purpose and for determining the amount of restitution to be paid.

Further scrutiny of the record shows the parties did agree that restitution would include any proved loss associated with all Counts.  To appreciate why, it is necessary to begin with an examination of Federal Rules of Criminal Procedure 32 (f) and 32 (g) which provide as follows:

> **(f) Objecting to the Report.**
>     **(1) Time to Object.**  Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report.
>     **(2) Serving Objections.**  An objecting party must provide a copy of its objections to the opposing party and to the probation officer.
>     **(3) Action on Objections.**   After receiving objections, the probation officer may meet with the parties to discuss the objections.  The probation officer may then investigate further and revise the presentence report as appropriate.
>
> **(g) Submitting the Report.**  At least 7 days before sentencing, the probation officer must submit to the court and to the parties the presentence report and an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them.

The court has examined the presentence report prepared for the original sentencing and the addendum to that report.  Of significance, paragraph 128 of the presentence report stated: "Restitution is owed to the EPA in the amount of $104,441.50."  It is clear from the report that this represented the net loss to EPA on all three of the counts in the indictment.  Napier did object to that statement, but not on the basis that it included losses associated with Counts 1 and 2.  Rather, his objection was specifically limited to questions of how large a loss could actually be proved with respect to Counts 1 and 2.  Here is what the addendum says:

---

[3] Under the Guidelines published by the United States Sentencing Commission, the amount of loss would affect the offense level.   See Guideline § 2B1.1(b)(1).

**Paragraph 128:** "Napier submits that the restitution should be off set by the value of the services performed by he and his wife regarding the implementation and management of the 1999 and 2001 grants."

**Probation Officer's Response:** The U.S. Probation Officer maintains that the presentence report author has already considered the money applied toward the asbestos training for the 1999 and 2001 grants, and that the only money claimed by the victim, and determined to be the actual loss, is $54,441.50 out of the first two grants, and the full $50,000 from the final grant, all of which was determined to be diverted for the defendant's personal use or the use of J&L Construction. The presentence report will remain unchanged as it relates to this objection.

Had Napier's plea agreement not included a provision that he would be obligated to pay restitution based on Counts 1 and 2 in whatever amount could be proved, his objection to paragraph 28 would have been dramatically different: He would have objected on the basis that no amount of loss associated with the 1999 and 2001 grants, viz. Counts 1 and 2, could have been included in paragraph 128. His failure to make that objection convincingly demonstrates that he had agreed to pay whatever the government could prove up. Although as noted above, the transcripts of the plea colloquy and evidentiary hearing standing alone are inconclusive, when placed in context with Napier's only objection to paragraph 128, the transcripts do support the proposition that the plea agreement obligated Napier to pay back whatever the actual loss may have been on Counts 1 and 2 as well as the loss on the count of conviction.

## IV.  CONCLUSION

For the reasons above, the motion at docket 61 is **DENIED**. Defendant Johnny Lee Napier remains obligated to pay restitution in the total principal amount of $104,441.50 as required by the existing judgment.

DATED at Anchorage, Alaska this 18th day of December 2006.

      /s/ JOHN W. SEDWICK
        JOHN W. SEDWICK
    UNITED STATES DISTRICT JUDGE