M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>JOHNNY LEE NAPIER,<br><br>                 Defendant. | Case No. 4:04-cr-0033-JWS<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

       Defendant, JOHNNY LEE NAPIER, by and through counsel M. J. Haden, Staff Attorney, submits the following memorandum to aid the court at the re-sentencing hearing scheduled for January 4, 2006, at 9:30 a.m., in Fairbanks, Alaska.  As all other matters concerning the remand from the Ninth Circuit Court of Appeals have been resolved, this memorandum addresses only the issue of whether mental health counseling should be ordered as a special condition of supervised release.  Mr. Napier does not plan to call any witnesses at the hearing unless necessitated by the government's presentation.

       At Mr. Napier's original sentencing hearing, there was no discussion regarding the imposition of a special condition requiring him to participate in mental health

counseling. The government presented no evidence on the issue and made no request that the condition be imposed. The probation officer, in her sentencing recommendation, second addendum to the presentence report, and memorandum of November 22, 2006, submits that the mental health condition is justified by Mr. Napier's 1990 misdemeanor conviction for gambling, in addition to his 1988, 1989, and 1999 misdemeanor convictions for simple assault and two domestic violence protective orders that were dismissed for lack of prosecution. Mr. Napier has filed his objections with respect to the probation officer's position and contends that the mental condition is not warranted.

The district court has broad, but not unfettered, discretion in imposing conditions of supervised release. United States v. T.M., 330 F.3d 1235, 1239-40 (9th Cir. 2003). Generally, conditions of supervised release are only permissible if "they are reasonably related to the goal[s] of deterrence, protection of the public or rehabilitation of the offender." Id. at 1240 (citing 18 U.S.C. § 3553(a) and § 3583(d)(1)). In addition, conditions must subject a defendant to "no greater deprivation of liberty than is necessary for the purposes of supervised release." Id. (quoting 18 U.S.C. § 3583(d)(2)). In imposing special conditions, this court has recognized the following guidelines:

> First [special conditions of supervised release] must be reasonably related to the factors set forth in [18 U.S.C.] §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D). These factors are: consideration of "the nature and circumstance of the offense and the history and characteristics of the defendant;" "to afford adequate deterrence to the criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner." Second, the conditions must involve no great deprivation of liberty than is reasonably necessary for the latter three purposes. Finally, the conditions must be consistent with pertinent policy statements of the Sentencing Commission.

United States v. Joyce, 357 F.3d 921, 928 (9th Cir. 2004) (quoting United States v. Fellows, 157 F.3d 1197, 1203-04 (9th Cir. 1998) (citation omitted)).

Here, the probation officer first recommends that Mr. Napier undergo a mental health evaluation to determine if he has a gambling problem. The probation officer bases this request on Mr. Napier's 1990 misdemeanor conviction for gambling. This conviction is over 16 years old. Mr. Napier received a sentence of probation, which was successfully completed resulting in the conviction being set aside. There is no current information suggesting that Mr. Napier currently is engaged in gambling, has engaged in gambling since the time of the 1990 offense, or currently has, or has ever had, a gambling problem. Nor is there any information indicating that he committed the offense in this case because of gambling.

The probation officer's suggestion that the proceeds of the misappropriated funds went to cover gambling debts is pure speculation. As documented in the Presentence Report (PSR), when interviewed by an investigator in 2004, Mr. Napier confessed that the money had been used to pay bills, pay his wife's salary for her work with MEET, train students in areas other than asbestos removal, and to put students on J&L's payroll. [PRS ¶¶ 33, 34, 35 & 43.] There simply is no evidence to support the speculation that the funds went to support a gambling problem. Thus, based on the age of the prior misdemeanor conviction, coupled with the lack of nexus to the underlying offense, requiring Mr. Napier to undergo a mental health evaluation would not be reasonably related to the "nature and circumstances of the offense and the history and characteristics of defendant" as required by 18 U.S.C. § 3553(a)(1).

The same holds true for the probation officer's recommendation for mental health counseling based on the assumption that Mr. Napier has "anger management issues." The probation officer bases her assessment on the fact that Mr. Napier was convicted in 1985, 1987, and 1999 of misdemeanor charges of domestic violence, in addition to two DV injunctive petitions filed against Mr. Napier in 1989 and 1994 that were both dismissed for lack of prosecution. In all three misdemeanor cases, Mr. Napier received and successfully completed a period of probation. As a condition of his state probation, he was required to undergo counseling. He complied with the conditions of his probation in each instance, resulting in his 1999 conviction being set aside.

As noted in the defendant's sentencing memorandum and attachments filed at Docket 25, Mr. Napier's life has taken some dramatic changes in the past seven or eight years. He and his wife have devoted their lives to giving back to his community and lending a helping hand to those less fortunate. Through his work with the prison ministry, his work with organization such as FFA and MEET, and his offering employment to the jobless through J&L Services Construction, Mr. Napier has helped individuals to not return to jail, but to become employed and maintain a drug-free lifestyle. His past has given him the insight to believe that, given a chance, people can change for the good.

This case involved the misappropriation of EPA funds from a 2002 grant. There were no allegations of violence or threats of violence in connection with the offense conduct or otherwise during this time period. Furthermore, not only is Mr. Napier's past assaultive behavior remote in time, but the problem has been successfully abated. There is no evidence that Mr. Napier currently suffers from any anger management issues or anxiety.

Mental health counseling is not needed to deter Mr. Napier from engaging in criminal conduct, to protect the public from future criminal behavior on his part, or to provide him with "needed . . . correctional treatment" because there is no evidence that Mr. Napier currently has a propensity for violence.  18 U.S.C. § 3553(a)(2)(B)-(D).  Any decision to order as a special condition of supervision that Mr. Napier participate in mental health counseling is "clearly against the logic and effect of the facts."  Rabkin v. Or. Health Sci. Univ., 350 F. 3d 967, 977 (9th Cir. 2003).

DATED this 28th day of December, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on December 28, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Stephen Cooper, Esq.

/s/ M. J. Haden